No. 13812

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

HELGA IRIS YETTER,

Plaintiff and Respondent,

-vs-

CHARLES C. R. KENNEDY and
REBECCA Z. KENNEDY, husband
and wife,

Defendants and Appellants.

---

Appeal from: District Court of the Eighteenth Judicial
District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

Larry W. Moran argued, Bozeman, Montana

For Respondent:

Landoe, Gary and Planalp, Bozeman, Montana
Joseph Gary argued, Bozeman, Montana
Huppert and Swindlehurst, Livingston, Montana

---

Submitted: September 27, 1977

Decided: NOV 21 1977

Filed: NOV 7 ...

Thomas J. Kearney
_____
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff brought suit to have an option agreement for the purchase of certain real property released and to recover damages. The jury entered a special verdict determining that the option agreement should not be released and finding no damages. Plaintiff moved for and received a judgment notwithstanding the verdict terminating defendants' rights to the option agreement. Defendants filed notice of appeal. Plaintiff subsequently moved to dismiss the appeal on the grounds defendants failed to transmit a transcript to the Supreme Court.

Although this Court received no transcript, we have discerned the following facts from the trial court exhibits submitted to this Court:

On October 13, 1967, plaintiff Helga Iris Yetter entered into an agreement with J. Angus Christensen, of Salem, Utah, for the sale of certain real property near West Yellowstone, Montana. Incorporated in this agreement was a first option to purchase certain other real property upon such terms and conditions as Yetter offered it to any third party. This option was to extend "for any reasonable period of time up to twenty years".

On December 1, 1967, plaintiff filed with the Gallatin County Clerk and Recorder a standard form contract denominated an "Option Contract". In it plaintiff agreed to hold the real property she had subjected to the option, subject to the order of Christensen until December 15, 1987, and to transfer it to him "at and for the price and upon such terms and conditions as first party [Helga Yetter] may offer said property to any third party, such option to continue until December 15, 1987, and allowing a period of sixty days to meet such terms and conditions * * *."

On November 27, 1967, Christensen assigned to defendants,

- 2 -

Charles C. R. and Rebecca Z. Kennedy:

> " * * * all of his right, title and interest
> in and to that certain Option Agreement made
> and executed between HELGA IRIS YETTER of
> Livingston, Park County, Montana, and the said
> party of the first part [J. Angus Christensen],
> dated November 12, 1967 * * * under the covenants,
> conditions and terms of said Option."

On August 21, 1974, plaintiff entered into an agreement with a partnership, which we shall refer to as the "Povah Partnership", for the sale of approximately twenty-seven acres of the real property subject to the option provision. Pursuant to that agreement, plaintiff gave written notice to defendants of the terms and conditions of the Povah Partnership's offer.

Although defendants informed plaintiff they intended to purchase the real property, they did not make any payment within the sixty day period provided in the December 1, 1967 option contract. Four months later, they were still asking for further time in which to make payment. At the same time they refused to release their option agreement even though the sixty day period had elapsed.

On February 14, 1975, the Povah Partnership withdrew its offer and requested the return of its down payment because of defendants' failure to release the option agreement.

At no time did defendants tender any purchase money as they initially promised. After learning the Povah Partnership had withdrawn its offer, they refused to release the option agreement.

On April 3, 1975, Helga Yetter filed suit against Charles C. R. and Rebecca Z. Kennedy seeking cancellation of the option agreement, general damages resulting from loss of the sale and impairment of her credit, plus punitive damages for slandering her title. On March 10, 1977, the jury returned a special verdict finding:

(1) That plaintiff had notified the defendants of an offer from a third party to purchase the real property in question.

(2) That plaintiff had notified the defendants of the offer on September 13, 1974.

(3) That the sixty day period in which to meet the terms and conditions of the Povah Partnership's offer expired November 12, 1974.

(4) That defendants should not be compelled to release the "Option Agreement".

(5) That defendants had not interfered with the performance of the contract of sale between Yetter and the Povah Partnership.

The jury did not award the plaintiff general or punitive damages. The District Court entered judgment in accord with the special verdict.

Plaintiff timely filed a motion for judgment notwithstanding the verdict, requesting the District Court to enter judgment declaring defendants had breached their option agreement and to order them to release the "Option Agreement". The District Court granted plaintiff's motion.

Although defendants filed notice of appeal on April 12, 1977, they never ordered a transcript of the trial from the court reporter, nor was one ever transmitted to this Court for purposes of the appeal. In addition, they failed to file and serve upon the plaintiff within ten days after filing notice of appeal, statements indicating they did not intend to transmit any portion of the transcript to this Court and enumerating the issues they intended to present on appeal.

On July 1, 1977, plaintiff filed a motion with this Court to dismiss defendants' appeal due to their failure to order a

transcript of the trial proceedings and to transmit it to this Court. We grant plaintiff's motion.

Rule 10(a), M.R.App.Civ.P., provides that the record on appeal, including any transcript necessary for the determination of the appeal, shall be transmitted to the Supreme Court within 40 days after filing a notice of appeal, unless that time is shortened or extended by order of either the District Court or the Supreme Court. Although the District Court file and the exhibits from the District Court trial were sent to this Court, the trial transcript was not included. Nor was any order to extend the time to transmit the transcript requested or made.

Rule 9(b), M.R.App.Civ.P., delineates the duties of the appellant in regard to ordering a transcript of the trial proceedings:

"Within 10 days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. In all cases where the appellant intends to urge insufficiency of the evidence to support the verdict, order or judgement in the district court, it shall be the duty of the appellant to order the entire transcript of the evidence. Wherever the sufficiency of the evidence to support a special verdict or answer by a jury to an interrogatory, or to support a specific finding of fact by the trial court, is to be raised on the appeal by the appellant, he shall be under a duty to include in the transcript all evidence relevant to such verdict, answer or finding. Unless the entire transcript is to be included, the appellant shall, within the time above provided, file and serve on the respondent a description of the parts of the transcript which he intends to include in the record and a statement of the issues which he intends to present on the appeal. If the respondent deems a transcript of other parts of the proceedings to be necessary he shall within 10 days after such filing and service order such parts from the reporter or procure an order from the district court requiring the appellant to so do."

If the appellant fails to cause timely transmission of the record, the respondent may file a motion in the Supreme Court to dismiss the appeal. Rule 11(c), M.R.App.Civ.P.

- 5 -

Plaintiff contends that defendants' appeal challenging the District Court's entry of judgment notwithstanding the verdict is, in effect, an assertion that there is insufficient evidence to support the District Court's order. Under Rule 9(b), M.R.App.Civ.P., therefore, defendants are required to transmit the entire transcript of the trial court proceedings to the Supreme Court.

Defendants assert the issues they raise on this appeal are issues of law and that the trial transcript is not necessary for their resolution. As defendants themselves framed the issues, two questions are presented:

(1) Did the District Court err in granting plaintiff's motion for judgment notwithstanding the verdict?

(2) When is a preemptive right [a right of first refusal] to acquire property terminated?
The trial transcript, however, is necessary for a resolution of the issues they raise.

The question involved in whether a judgment notwithstanding the verdict was proper is not whether there was sufficient evidence to support the District Court's order. A motion for such a judgment may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment.

> "Where there is conflicting evidence, or there
> is insufficient evidence to make a 'one-way'
> verdict proper, judgment n.o.v. should not be
> awarded." 5A Moore's Federal Practice ¶ 50.07[2],
> p. 2356.

Both questions, however, require careful examination of the entire transcript of the trial court proceedings.

Montana's Rules of Appellate Civil Procedure are patterned after the Federal Rules of Appellate Procedure.

> " * * * the burden of showing error by reference
> to matters of record is upon the appellant.

> Unless the record that he brings before the
> court of appeals affirmatively shows the
> occurrence of the matters upon which he relies
> for relief, he may not urge those matters on
> appeal." 9 Moore's Federal Practice ¶210.05[1],
> pp. 1618, 1619.

Where sufficiency of the evidence to support a judgment not-withstanding the verdict is the issue on appeal, the transcript of the trial proceedings is necessarily an integral part of the record and must be transmitted to this Court.

An appeal, however, will not automatically be dismissed in every instance when the Rules of Appellate Civil Procedure have not been strictly followed. Moore's Federal Practice advocates that the presence of a rule such as Rule 11(c), M.R. App.Civ.P., should not suggest "the drastic sanction of dismissal [be] the normal consequence of delay in effecting transmission of the record." 9 Moore's Federal Practice ¶212.05, p. 1909. Rule 4(a), M.R.App.Civ.P., expressly provides:

> " * * * Failure of an appellant to take any
> step other than the timely filing of a notice
> of appeal does not affect the validity of the
> appeal, but is ground only for such action as
> the supreme court deems appropriate, which may
> include dismissal of the appeal."

In this case the defendants' fault does not lie in mere delay in effecting transmission of the record on appeal, it lies in their complete failure to order and to transmit a transcript to this Court. Nor did they apparently ever file and serve upon the plaintiff a description of the parts of the transcript they intended to include in the record and a statement of the issues they intended to present on appeal. Rule 9(b), M.R. App.Civ.P., requires such a filing within ten days after filing notice of appeal, when the appellants are not transmitting the entire transcript.

On June 23, 1977, plaintiff gave defendants notice that she intended to move for a dismissal of the appeal because

defendants had failed to cause timely transmission of the record.  Subsequent to this notice the defendants still failed to transmit a transcript to this Court, or to otherwise comply with Rules 9(b) and 10(a), M.R.App.Civ.P.

Defendants have demonstrated a complete lack of adherence to the Montana Rules of Appellate Civil Procedure.  Their failure to transmit the transcript of the trial court proceedings leaves us unable to decide the issues they present.

Concerning the quality of the brief submitted by the defendants--while we appreciate conciseness and brevity in briefs submitted on appeal, we do not appreciate briefs in which the arguments made are without substantive explanation and are marked by a total lack of authority in their support.

The appeal is dismissed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 8 -