No. 14281

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

IN RE THE MARRIAGE OF

JOHN W. HARRINGTON,

        Petitioner and Appellant,

-vs-

SALLY JOAN HARRINGTON,

        Respondent and Respondent.

---

Appeal from: District Court of the Second Judicial District,
Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

    For Appellant:

        Leonard J. Haxby, Butte, Montana

    For Respondent:

        Neil Lynch, Butte, Montana

---

Submitted on briefs: September 12, 1979

Decided: APR 1 1979

Filed: APR 1 1979

Thomas J. Kearney
                Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Husband in a dissolution of marriage proceeding appeals from a judgment of the Silver Bow County District Court and seeks review of the court award of $300 per month in child support. He contends the amount of the court ordered child support was not supported by the evidence and constituted an abuse of discretion. We dismiss the appeal for counsel's failure to provide this Court with an adequate record upon which to decide the issue.

On June 22, 1977, the husband filed his petition for dissolution of marriage which asserted, among other things, that the wife should receive custody of the parties' three minor children and that he would pay $200 per month for child support. The wife responded by filing an answer and counterclaim which, among other things, agreed that she should have custody of the children, but claimed $300 per month was necessary for their support.

The matter was tried on November 3, 1977. Apparently, no court reporter was present to record the testimony of witnesses. Thereafter, the court dissolved the marriage, awarded custody to the wife and ordered the husband to pay $300 per month for child support.

Following denial of his motion for rehearing, husband filed notice of appeal to this Court on January 19, 1978. On March 22, 1978, the husband filed an "agreed statement of facts" in the District Court. This document merely recites the undisputed facts of the marriage including the parties'

monthly income, living expenses and the marital debts which the husband assumed upon dissolution of marriage.

The issue presented for our consideration is whether the evidence was sufficient to support the court's judgment that the husband is able to pay $300 per month in support of the parties' minor children. We do not have a satisfactory record of the evidence presented at trial and consequently cannot consider the merits of this issue.

It is the duty of a party seeking review of a judgment to present this Court with a record sufficient to enable us to pass upon the question raised. Rule 9, Mont.R.App.Civ.P.; 9 Moore's Federal Practice §210.05[1], p. 1618-19; 4 Am.Jur.2d Appeal and Error §398. This rule is particularly crucial where the sufficiency of evidence is challenged. Yetter v. Kennedy (1977), _____ Mont. _____, 571 P.2d 1152, 1156, 34 St.Rep. 1373, 1377.

The husband's agreed statement of facts was evidently an attempt to submit an "agreed statement as the record on appeal" pursuant to Rule 9(d), Mont.R.App.Civ.P. which in pertinent part provides:

> "AGREED STATEMENT AS THE RECORD ON APPEAL. In lieu of the record on appeal as defined in subdivision (a) of this rule, the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the district court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented.. . ." (Emphasis added.)

The agreed statement of facts plainly fails to form a basis upon which this Court can review the judgment of the District Court.

Having failed to provide this Court with an adequate record, the husband's appeal is hereby dismissed.

Daniel J. Shea
Justice

-3-

We Concur:

_Frank I. Haswell_
Chief Justice

_Gen B Daly_

_John Conway Harrison_

_John C Sheehy_
Justices