No. 80-328

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN RE THE MARRIAGE OF JUDITH
MARIE GOMKE,

                    Petitioner and Appellant,

        vs.

DONALD WAYNE GOMKE,

                    Respondent and Respondent.

Appeal from:   District Court of the Twelfth Judicial District,
               In and for the County of Hill.
               Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

    For Appellant:

        Morrison, Ettien and Barron, Havre, Montana

    For Respondent:

        Bosch, Kuhr, Dugdale, Warner & Martin, Havre, Montana

                    Submitted on briefs: December 17, 1980

                            Decided: April 20, 1981

Filed: APR 20 1981

_____
            *Thomas J. Kearney*
                        Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Petitioner Judith Marie Gomke, wife, appeals an order of the Hill County District Court amending its decree of dissolution of the parties' marriage to allow her ex-husband, respondent Donald Wayne Gomke, to retain the family farm and pay the wife her share of the marital estate in four annual installments. The sole issue on appeal is whether the District Court thereby abused its discretion. We hold that it did not and affirm.

Judith and Donald Gomke were divorced on June 23, 1980. In the decree dissolving their marriage, the court ordered that the major asset of the marriage, a small farm (including the family home and farm machinery) be sold and the proceeds divided between the parties, 55 percent to the husband and 45 percent to the wife. The court weighted the apportionment of the marital estate slightly in favor of the husband because 480 acres of the 640 acre farm were derived from his family's farm.

In his findings, Judge Thomas found that the farmlands did not constitute an economic unit. He concluded that to divide the property between the parties in kind and to oblige the husband to compensate the wife under a payment plan for the excess value of any land he received was impractical. The court found that the husband's prospects to pay the wife off on a reasonable basis and to meet all of his other financial obligations were poor.

The husband moved to amend the court's findings, conclusions, and decree on July 3, 1980. After a hearing, the District Court granted the motion on July 24, 1980. The court devised a plan by which the husband could attempt to retain and work

the farm while paying the wife her share of the equity on a short-term basis.

The net value of the marital estate was $207,034.30. Payment of the wife's share of $88,684.00 was to be made in four equal annual installments of $22,171.00 together with interest at the rate of 7 percent per year.

The wife urges that the District Court order allowing the husband's retention of the farm rather than requiring its sale and the distribution of the proceeds in accordance with the 45 percent to 55 percent formula denied her an equitable apportionment of the marital estate. She contends that, at any rate, the husband does not have adequate financial means to make the annual installment payments. Furthermore, she asserts, it is unfair for the husband to be awarded income-producing property and for the wife to receive only cash compensation under the District Court's property settlement. We will address her assertions individually.

It is the wife's contention that the farm could be sold for significantly more than the court's determination of the property's fair market value. She maintains that to deny her the opportunity of sharing in any gain that could be realized over and above the District Court's valuation of the farm is to deny her an equitable share in the marital estate. The record contains some conflicting evidence on the property's fair market value. The court was not obliged, however, to accept the appraisals which the wife and her expert witness presented. See, Dickerson v. Dickerson 37 St.Rep. 1286. (1980), _____ Mont. _____, 614 P.2d 521, 524/ As it had every right to do, the District Court in its findings expressly relied on the expert testimony of other witnesses. See, Dickerson, supra. The value of the net estate is a question of fact that is determined by the District Court in dissolution

proceedings. The wife has not even attempted to show that the District Court's valuation of the property is "clearly erroneous." Hence, we will not disturb the court's assessment of fair market value. See, Rule 52(a), M.R.Civ.P.

The wife contends that the husband cannot generate sufficient income from the farming operation and from his outside employment to make the annual installment payment to her, and, at the same time, to pay all other existing indebtedness. Therefore, she urges us to find that the District Court abused its discretion by not requiring the property to be sold.

We have espoused the policy that a family farm or a ranch should be kept intact and operated as a unit upon a marriage dissolution whenever there is a reasonable means of providing a wife her equitable share of the marital property short of selling the land. In Re Marriage of Jacobson (1979), _____ Mont. _____, 600 P.2d 1183, 1186-88, 36 St.Rep. 1773, 1777-79.

That is a policy tied to the economic realities of a predominantly rural state like Montana. Family-run farms and ranches constitute an important part of the state's economy and of its way of life. Many parents wish to pass the family farm or ranch to their children before their deaths and want to insure the continuity of a family heritage. That understandable desire would be frustrated if the courts of the state were required to sell family farms and ranches as a matter of course in order to effect an "equitable" property settlement for the spouse who does not wish to remain on the farm after a marriage dissolution.

As the District Court found, the farmland in dispute has been owned by the Gomke family since 1917 and the husband has lived there all of his life. After he was grown, the husband stayed on the farm because of his father's poor

-4-

health. After the parties were married, the husband farmed the land on a crop-share basis.

Both the husband, Donald Gomke, and his mother, Leona Gomke, want the farm to remain in the family. The husband, in turn, desires to pass the land on to his own son one day. In 1974, Leona Gomke, the husband's mother, sold 480 acres of the 640 acre farm presently owned by the parties to her son and his wife at a price below market value. Although the contract for deed according to which she sold the land is now in default, Leona Gomke has not initiated any proceedings to terminate the contract. The District Court inferred an intent by the mother to make a partial gift to her son individually.

In Jacobson, supra, we held that the District Court had not abused its discretion in allowing the husband, upon dissolution of the parties' marriage, to retain the family ranch and to purchase the wife's 50 percent interest on an installment basis. The marital estate there had a net value of over a million dollars. The District Court gave the husband the option of paying for the wife's interest in a lump sum or of paying her 20 percent down with the remainder to be paid in 30 equal annual installments, interest to accrue at 7 percent per annum.

Unlike the ranch in Jacobson, supra, the Gomke farm is rather heavily encumbered. In addition, the husband's income from the farm operations and from outside sources is somewhat limited. The District Court found that he earned approximately $655 in monthly net pay from his employment at the Cargil Elevator in Fresno, Montana. Over the past ten years, the annual income received from the farm has varied greatly, ranging from ca. $250 to ca. $14,000. Under the decree of dissolution, the husband is also obliged to pay

-5-

$300 per month in child support to the wife who has custody of the parties' three minor children.

Nevertheless, the major part of that indebtedness is owed to the husband's mother. There is every reason to think that she will help her son retain the land. The amount of indebtedness should, therefore, not materially hinder the husband's efforts in paying the installments owed to the wife. Given the husband's relatively low yearly income, he will quite possibly have to refinance the property or arrange for private loans in order to make the annual installment payments to the wife.

The installment scheme of the District Court more than adequately protects the wife's interest in the marital property. The court appears to have closely modelled its installment plan on the one approved of in Jacobson. The decree provides that the wife's interest in the marital property either be paid immediately or in no more than three years--with interest at seven percent per year. The outstanding balance owed by the husband to the wife constitutes a lien on the land until fully paid. If an installment is not paid on time, the husband's option to purchase terminates, and the property is to be sold as the parties may agree or as the court orders, if they cannot agree. If the husband sells the farm or any part of it before the wife is fully paid, the wife will participate to the extent of 45 percent in the gain realized over the valuation placed on the farm by the District Court. Under the circumstances, we are persuaded that the trial court has acted in an equitable manner to protect the interests of both parties. We find no abuse of its discretion.

Similarly, we reject the wife's argument that the District Court's property settlement scheme is inherently unfair to

her because it allows the husband to retain income-producing property while she receives only cash. She can reinvest that cash in any income-producing property she wishes.

The husband has requested attorney fees and costs on appeal. We decline to award them. The wife's appeal of the District Court's installment plan was not so unreasonable or frivolous as to justify such an award in light of the fact that the farmland was heavily encumbered and the husband has only limited resources with which to make the yearly payments to the wife. We think she had a reasonable basis to petition for relief under the rule of the Jacobson case, supra.

We remand to the District Court and direct it to modify its decree to specifically provide that the outstanding installment balance shall constitute a lien on all 640 acres of the parties' farm until the wife is fully paid her interest in the marital estate. In all other respects, the judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices