No. 85-311

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF
DONALD E. BELL,

        Petitioner and Respondent,

   and

DOROTHY BELL,

        Respondent and Appellant.

_____

APPEAL FROM: District Court of the Thirteenth Judicial,
            In and for the County of Yellowstone,
            The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Linda Harris, Billings, Montana

    For Respondent:

        Nye & Meyer; Joan Meyer Nye, Billings, Montana

_____

Submitted on Briefs: Oct. 10, 1985

Decided: February 6, 1986

Filed: FEB 6 1986

_Ethel M. Harrison_
_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Dorothy Bell appeals the property division ordered by the Yellowstone County District Court in this divorce action. The issues on appeal are (1) whether the District Court abused its discretion in dividing the marital estate between the parties, and (2) whether the District Court erred in denying wife's motion for new trial. We affirm.

In March 1984, after almost thirty-one years of marriage, Donald Bell (respondent) petitioned for the dissolution of his marriage to appellant. Respondent is a farmer working a relatively small, highly encumbered farm. During the marriage, appellant took care of the family home and performed various farm chores. Appellant began an antique business in 1983 and had sales of approximately $3,500 in 1984 in that business. The parties have one child, a son, who farms on leased land close to the family home and helps out on his parents' farm. The son stated that he thought the court should award the farm to his father so that he and his father could work on it together.

Clyde Rader, a trained farmland appraiser, testified that the current market value of the Bell farm, allowing for a sale within six months, was $300,000. Rader testified that that was the top price the Bells could receive. Rader's estimate of $300,000 included the fixtures on the farm but excluded two mobile homes on the farm. At one point, Rader mentioned that the $300,000 estimate was based on a sale for cash within a reasonable length of time. Rader also mentioned that Bells might receive more money for the farm if the buyers arranged for "constructive financing." Woody Shore, the vice president/senior loan officer of the Little

Horn State Bank in Hardin, Montana, testified that he had a rough idea of land values in Big Horn County and that a fair market value for Bells' irrigated land would be $900 an acre. Based on $900 an acre, the farm (including improvements) would be worth approximately $300,000. Respondent also testified that the current fair market value of the farm was $300,000.

Respondent testified that he owned about $1,600 of Farmers Union stock shares but that he would receive the value for those stocks only upon his retirement or his leaving the county, neither of which he was planning on doing. Respondent has also acquired shares of Federal Land Bank stock but he will receive no value for that stock until he pays off his substantial loan with that bank. Lastly, respondent has Big Horn County Electric Cooperative Capital Credits of approximately $1,000. These credits are repaid to the farmers approximately twenty years after being paid in and respondent has received about $58 a year the last three years.

In January 1985, the District Court filed its findings of fact, conclusions of law, and a final decree of dissolution. The court found that Bells had assets worth $456,374 and total liabilities of $325,762.18, leaving them with a net marital estate worth $130,611.82. The Bells have farm debts on their land and farm equipment of $319,491.82. The court valued the farm land at $300,000.

In dividing the marital estate, the District Court awarded the bulk of the estate to respondent. To respondent, the court awarded the farm, the farm equipment, various vehicles, and other items for a total value of $426,402. Respondent was made responsible for liabilities totaling

$321,762, leaving him with $104,640 more in assets than in liabilities. The court awarded appellant $13,972 in assets over and above the liabilities the court made her responsible for. To eliminate any disparity in the awards, the court ordered the respondent to pay appellant $45,334 with the result that each would receive a net award of $59,306. The court ordered the respondent to pay $10,306 to appellant within sixty days of the decree and to pay 120 monthly payments of $292 to appellant. The court ordered that these "equity" payments to the wife shall be a lien on the farm land, but a lien subservient to the mortgages, and renewals of mortgages, on the land.

In February 1985, appellant filed a motion for new trial. The motion was based principally upon what appellant termed newly discovered evidence which purportedly rendered the property settlement inequitable and impossible of performance. The newly discovered evidence was a letter from the Little Horn State Bank which declined respondent's request for a loan to provide operating expenses and to renew respondent's carry-over debt. The letter requested that respondent satisfy his existing debt with the bank. The trial court denied the motion for new trial and the wife appeals from this denial and from the property division.

Appellant argues that the District Court abused its discretion in several ways in distributing the marital estate. The standard of review is clear. The District Court has far reaching discretion in resolving property divisions and this Court will not alter the lower court's judgment unless we find a clear abuse of discretion. The test for abuse of discretion is if the trial court has acted arbitrarily without employment of conscientious judgment or

4

has exceeded the bounds of reason resulting in substantial injustice. In Re the Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 42 St.Rep. 623.

Appellant contends that in distributing the marital estate, the District Court erred by failing to consider the factors detailed in § 40-4-202(1), MCA. In part, this section states:

> . . . In making apportionment, the court shall consider the duration of the marriage and prior marriage of either party; antenuptial agreement of the parties; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit . . .

This section only requires the District Court to consider the enumerated factors, and the court is not required to make a finding of fact as to each factor. See In Re Marriage of Sell (Mont. 1981), 630 P.2d 222, 38 St.Rep. 956; In Re Marriage of Caprice (1978), 178 Mont. 455, 585 P.2d 641. We find that the District Court's findings of fact and conclusions of law, taken as a whole, demonstrate that the court adequately considered the factors set forth in § 40-4-202, MCA.

Appellant also charges that the District Court abused its discretion in valuing the farm land and in failing to place a value on certain assets (Federal Land Bank stock, Farmers Union Credits, Big Horn County Electric Cooperative Capital Credits). Appellant complains that the court's

5

valuation of the farm land was based upon Clyde Rader's estimate of what the land would bring in a "cash" sale. Rader's testimony, as a whole, shows that his estimate was not based on a "distress" sale but rather on what be believed was the fair market value of the land. The testimony of Rader, respondent and Woody Shore provides an adequate basis for the court's valuation of the land. Furthermore, the court explained its reasons for not placing a value on certain assets and the evidence supports a finding that these assets had little or no value to respondent.

Appellant also complains that the District Court abused its discretion in failing to order the sale of the farm and the division of the proceeds between the parties. This Court has established a policy

> that a family farm or a ranch should be kept intact and operated as a unit upon a marriage dissolution whenever there is a reasonable means of providing a wife her equitable share of the marital property short of selling the land.

Gomke v. Gomke (Mont. 1981), 627 P.2d 395, 396, 38 St.Rep. 578L, 578N; citing In Re Marriage of Jacobson (1979), 183 Mont. 517, 600 P.2d 1183. The policy is especially valid where, as here, the parties' child desires to take over the farm and family members "want to insure the continuity of a family heritage." Gomke, at 397; see also In Re Marriage of Knudson (1980), 186 Mont. 8, 606 P.2d 130.

Here, the lower court order provided that appellant will receive her equitable share of the marital property. Under the order, the respondent must make a $10,306 payment to appellant by March 22, 1985 and monthly payments thereafter. We note that appellant does not complain that respondent did not make the initial payment. Furthermore,

6

from the record it appears that the monthly payments of $292 are within respondent's ability to pay. The lower court's plan results in a fifty-fifty split of the marital estate between the parties and provides that appellant will have a lien on the farm in the amount of the payments. We have approved similar plans in both Gomke and Knudson. In light of the foregoing, we find that the lower court provided a reasonable means of giving the wife her equitable share of the marital property and that the District Court did not abuse its discretion in allowing respondent to buy out appellant's interest in the land.

Appellant also quarrels with the lower court's valuation of certain farm equipment and other assets. We need only state that there is sufficient evidence to support the valuations placed on the marital estate assets.

Finally, the appellant contends that the District Court erred in denying her motion for new trial. In February 1985, appellant filed a motion for new trial on the basis of newly discovered evidence. This evidence was a letter from respondent's bank to respondent declining to loan him more money or to renew his carryover debt. The letter also requested him to liquidate his present loan at the bank. Appellant was apparently contending that respondent would have to sell the farm to pay off the loan and she would not receive her equitable share of the farm because her interest was subject to the mortgages on the land. In March 1985, the lower court held a hearing and testimony was given by the parties on appellant's motion. From other documents in the record, it appears that respondent may have refinanced the debt on the farm with a loan from the Farmers Home Administration.

Although appealing the denial of her motion for new trial, appellant has not provided this Court with a transcript of the hearing on the motion. In denying the motion, the lower court specifically referred to the parties' testimony at the hearing. "It is the duty of a party seeking review of a judgment to present this Court with a record sufficient to enable us to pass upon the question raised." Harrington v. Harrington (1979), 181 Mont. 541, 542, 594 P.2d 319, 320; citing e.g., Rule 9, M.R.App.Civ.P. Appellant has failed her duty as to this issue. We cannot consider the merits of this issue without a satisfactory record of the evidence presented at the hearing on the motion for new trial. Therefore, the wife's appeal is dismissed as to this issue. See Harrington, supra, and Yetter v. Kennedy (1977), 175 Mont. 1, 571 P.2d 1152.

This Court has considered respondent's request for attorney's fees and costs on appeal and the same is denied.

Affirmed.

Justice

We concur:

Justices