DA 06-0629

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 318N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

JOHN P. STOKES,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 06-0555(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      John P. Stokes, *Pro Se*, Kalispell, Montana

      For Appellee:

       McGrath, Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

      Ed Corrigan, Flathead County Attorney; Tammi E. Fisher,
Deputy County Attorney, Kalispell, Montana

                 Submitted on Briefs:  October 10, 2007

                           Decided:  December 5, 2007

Filed:

                             Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John P. Stokes (Stokes) a self-represented litigant, appeals from the denial of a motion to reinstate his Montana driver's license. We affirm.

¶3 Stokes admitted he consumed four cocktails prior to being stopped by a patrol officer while driving his vehicle on May 17, 2006. The record reflects that the officer stopped Stokes because his license plate tags were expired, and then detected a strong odor of alcohol on Stokes' breath. After Stokes failed field sobriety tests, the officer requested he submit to a breath test. Stokes refused the test, and was taken to the detention center and jailed overnight. The parties disagree on many of the facts, including whether Stokes was under arrest for driving under the influence of alcohol at the time he was jailed. The record is clear, however, Stokes' driver's license was suspended as a result of these events.

Stokes petitioned for reinstatement of his driver's license on July 13, 2006. The record reflects the Eleventh Judicial District Court, Flathead County, ordered Stokes' driver's license returned to him and reinstated it on a temporary basis, pending a hearing on the petition. The record reflects that, during the evidentiary hearing on Stokes' petition, the Court testimony. The District Court subsequently entered its order finding probable cause existed for the initial traffic stop, reasonable grounds existed indicating Stokes was driving

2

under the influence of alcohol and Stokes refused to provide a breath sample. The District Court revoked the temporary reinstatement of the driver's license, and suspended Stokes' driving privileges for six months.

The suspension of a driver's license is presumed to be correct, and the appellant must establish the suspension was improper. *Kleinsasser v. State,* 2002 MT 36, ¶ 10, 308 Mont. 325, ¶ 10, 42 P.3d 801, ¶ 10 (citations omitted). We review a district court's denial of a petition for reinstatement of driving privileges to determine whether the court's findings of fact were clearly erroneous and its conclusions of law correct. *Widdicombe v. State ex rel. Lafond*, 2004 Mont. 49, ¶ 7, 320 Mont. 133, ¶ 7, 85 P.3d 1271, ¶ 7 (citations omitted).

Stokes asserts the District Court erred in finding probable cause existed to stop his vehicle, and that there was no indication he was driving while under the influence of alcohol. Stokes has not provided a transcript of the hearing, however. As a result, he cannot carry his burden of showing error by reference to matters of record. *See Giambra v. Kelsey,* 2007 Mont. 158, ¶ 36, 338 Mont. 19, ¶ 36, 162 P.3d 134, ¶ 36, *citingetter v. Kennedy,* 175 Mont. 1, 5-7, 571 P.2d 1152, 1155-56 (1977); and *Huffine v. Boylan,* 239 Mont. 515, 517, 782 P.2d 77, 78 (1989).

We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions where the record before us is insufficient to establish any error by the District Court.

Affirmed.

/S/ KARLA M. GRAY

3

We concur:


/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ JOHN WARNER