FILED

March 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0608

DA 14-0608

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 85N

KENDRA MURRAY,

      Petitioner and Appellee,

   v.

JARREL WALKER,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                In and For the County of Ravalli, Cause No. DR-13-121
                Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jarrel Craig Walker, Self-Represented; Caldwell, Idaho

      For Appellee:

            John D. Greef; Attorney at Law, Hamilton, Montana

Submitted on Briefs:  March 4, 2015
           Decided:  March 17, 2015

Filed:

                                          Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jarrel Walker appeals the District Court's August 2014 orders denying his Motion for Temporary Custody and granting a one-year order of protection to Appellee Kendra Murray, the mother of Walker's young daughter. Walker argues that the District Court has shown prejudice against him, has relied on false accusations by Murray and her mother, has failed to consider the best interests of the child, and is denying him the right and opportunity to continue a healthy, loving relationship with his daughter. We affirm.

¶3 The record shows that Murray filed an application for temporary order of protection and a petition for parenting plan in July 2013. She mailed the summons and petition to Walker, who acknowledged service on July 31, 2013. Walker's default was entered on August 22, 2013. He moved to set aside the default, which the District Court denied by order entered October 8, 2013. The court set a hearing on Murray's request for a parenting plan in the same order and served the order by regular mail on both parties, each of whom was appearing pro se.

¶4 A hearing was held on October 16, 2013. The minute entry indicates that both parties appeared and gave testimony. No transcript of that hearing has been made a part of the record on appeal. The District Court entered a permanent parenting plan the same

2

day, ordering that the child reside with Murray and that Walker be allowed at least one supervised visit with the child each month. The court further ordered that Walker obtain a chemical dependency and anger management assessment and follow the treatment recommendations, and that he take an early childhood parenting class.

¶5     Walker filed a motion to amend the parenting plan on December 23, 2013, alleging that Murray and her mother were alienating the child from him and that Murray was violating multiple provisions of the parenting plan. He sought custody of the child until Murray had obtained a psychological evaluation and attended therapy for a year, and until the parties had attended mediation to work out a parenting schedule. Walker simultaneously filed a motion to dissolve the order of protection. Following consideration of Murray's response and both parties' affidavits, the District Court denied Walker's motions on January 6, 2014. The court held that the motion to amend the parenting plan was not based upon a change in circumstances as required by § 40-4-219, MCA, and that Walker's request to dissolve the order of protection raised arguments that he had the opportunity, but failed, to present at the time the order was requested.

¶6     On August 7, 2014, Walker filed another motion for temporary custody, seeking additional parenting time with the parties' daughter and alleging that the current parenting plan was detrimental to their relationship and that Murray and her family continued to alienate the child from Walker. The District Court held another hearing on August 20, 2014, at which both parties appeared pro se and testified. Murray's mother also testified. The minute entry from the hearing indicates that there was discussion of Walker's chemical dependency evaluation and that the court advised him that he needed

3

to follow the recommendations or get a second opinion stating that treatment was not necessary. No transcript of this hearing has been provided on appeal. Following the hearing, the court extended the order of protection for one year and denied Walker's motion for temporary custody. The order of protection allows Walker at least two monthly supervised visits with the parties' child.

¶7 We review for clear error a district court's findings of fact on a decision regarding modification of a parenting plan. *In re Marriage of Whyte*, 2012 MT 45, ¶ 14, 364 Mont. 219, 272 P.3d 102. In the absence of clear error, "[w]e will reverse a district court's decision regarding modification of custody only where an abuse of discretion is clearly demonstrated." *In re Marriage of Nies*, 2003 MT 100, ¶ 10, 315 Mont. 260, 68 P.3d 697 (citing *In re Marriage of Oehlke*, 2002 MT 79, ¶ 9, 309 Mont. 254, 46 P.3d 49). "'[T]he burden of showing error by reference to matters of record is upon the appellant.'" *Huffine v. Boylan*, 239 Mont. 515, 517, 782 P.2d 77, 78 (1989) (quoting *Yetter v. Kennedy*, 175 Mont. 1, 7, 571 P.2d 1152, 1156 (1977)). Under the rules of this Court, the appellant has the duty to present a record sufficient to enable the Court to rule upon the issues raised. If an appellant fails to present a sufficient record on appeal, the Court may affirm on that basis. M. R. App. P. 8(2).

¶8 The arguments Walker makes in his brief, although impassioned and articulate, do not suffice to meet his burden of demonstrating error on appeal. The District Court's rulings in a child custody case are based on its evaluation of the testimony and evidence presented by the parties. There were two hearings held in this case at which the parties gave testimony. The court's findings of fact and legal rulings were made after it

considered that testimony. Walker has not secured a transcript of either hearing for this Court's review. A trial court has broad discretion when considering the parenting of a child, and we presume in such cases that the court carefully considered the evidence. *In re Marriage of Tummarello*, 2012 MT 18, ¶ 34, 363 Mont. 387, 270 P.3d 28. With only the parties' conflicting affidavits and written arguments, we cannot conclude that the District Court's factual determinations were clearly erroneous or that it abused its discretion in refusing Walker's request to change the parenting plan.[1] We observe that the parenting plan, by requiring Walker to obtain a chemical dependency evaluation and anger management assessment, and to attend parenting classes and recommended treatment, affords the opportunity for him to seek amendment of the parenting plan in the District Court if these objectives are achieved.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Walker has not presented this Court with a record sufficient to demonstrate error by the District Court.

¶10 Affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA

---

[1] Walker submitted a DVD with his brief on appeal that contains many photographs, Facebook postings, and other material. As a court of appeals, however, this Court does not accept new evidence but is limited to the record before the District Court. M. R. App. P. 8(1).

5