FILED

08/09/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0803

DA 15-0803

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 191N

IN RE THE MARRIAGE OF:

MAUREEN SPENCE,

      Respondent and Appellee,

   and

TODD SPENCE,

      Petitioner and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
                In and For the County of Butte/Silver Bow, Cause No. DR 15-40
                Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Todd Spence, self-represented, Missoula, Montana

      For Appellee:

          Maureen Campbell, self-represented, Florence, Montana

Submitted on Briefs:  July 27, 2016

Decided:  August 9, 2016

Filed:

                                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Todd Spence appeals the Final Decree of Dissolution of his marriage with Maureen Spence, raising a single issue for consideration: whether the Second Judicial District Court erred by assigning to Todd responsibility for repaying $4,691 to the Social Security Administration for benefit checks issued in error to Maureen. We affirm.

¶3 Todd and Maureen were married in December 2010 and separated in March 2013. They filed a joint petition for dissolution of the marriage in February 2015. The petition represented that there were no debts of the marriage. According to the District Court's findings of fact, when the parties appeared for the May 2015 hearing on their petition their testimony made clear that they did not agree on the allocation of debt between them. The Court continued the hearing and referred Todd and Maureen to the court's settlement master, but they did not resolve the disagreement.

¶4 In the meantime, Maureen moved the District Court for a scheduling conference, representing that Todd spent nearly $5,000 of her SSI disability money that she was unaware he was receiving. She told the court that the Social Security Administration was making her pay the money back but that she never even knew that it was being paid

because she had been incarcerated during the entire time. The District Court held another hearing on November 4, 2015, and took testimony from Maureen. Todd was not present.

¶5 Maureen submitted exhibits at the hearing establishing that the Social Security Administration overpaid Maureen's monthly disability payments from January 2014 through December 2014, during which time Maureen was incarcerated for conviction of a crime. The Administration sent two letters in January 2015 to Maureen. The first, sent to the Missoula address identified in the dissolution petition as Todd's address, notified Maureen of the overpayment. The second, sent to Maureen at her Butte address, advised her that she would not be paid benefits beginning in November 2014 due to her incarceration. Maureen applied for waiver of the collection of the overpayment, but the Administration denied her request because it determined that Maureen failed to report that she was incarcerated and that she knew or should have known that the payments were incorrect, but she accepted the payments anyway.

¶6 The District Court found that Maureen believed her payments had ceased and that Todd had received the checks, endorsed them, and used them to his own benefit. The court therefore ordered that Todd would be responsible for repaying the full overpayment to the Social Security Administration.

¶7 Todd argues that Maureen was notified of a reduction in her benefits in May 2013 and that there was no way of knowing that the amounts received were in error. He also argues that the funds went to her for pre-paid phone cards, were deposited to her account when she entered pre-release in Butte, and were used to pay her criminal fines. The

3

problem with Todd's argument is that he is making it for the first time to this Court on appeal. Todd attaches several documents to his opening brief that were not presented to the District Court. He did not come to court on the date scheduled for the hearing or ask the court in advance to continue the hearing to a new date. And, although he refers in his brief to things he said during the May 2015 hearing, he has not provided a transcript of that hearing.

¶8 District courts have "broad discretion in apportioning a marital estate." *In re Marriage of Crowley*, 2014 MT 42, ¶ 26, 374 Mont. 48, 318 P.3d 1031. "Absent clearly erroneous findings, we will affirm a district court's division of property unless the court abused its discretion." *In re Marriage of Richards*, 2014 MT 213, ¶ 13, 376 Mont. 188, 330 P.3d 1193 (citing *Crowley*, ¶ 26). As the party appealing from the final decree, Todd carries the burden of persuasion to demonstrate to this Court that the District Court clearly erred in its factual determinations or otherwise abused its discretion in deciding how to allocate responsibility for the Social Security repayments. It is Todd's duty to provide this Court "with a record sufficient to enable it to rule upon the issues raised." M. R. App. P. 8(2). "'[T]he burden of showing error by reference to matters of record is upon the appellant.'" *Huffine v. Boylan*, 239 Mont. 515, 517, 782 P.2d 77, 78 (1989) (quoting *Yetter v. Kennedy*, 175 Mont. 1, 7, 571 P.2d 1152, 1156 (1977)).

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. Because Todd

did not present any evidence to the District Court or a record to this Court that shows any error or abuse of discretion, the District Court is affirmed.

/S/ BETH BAKER

We concur:

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE