No. 88-554

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

FRANK HANZEL, d/b/a TOWN & COUNTRY
ELECTRIC & BUILDING SUPPLIES,

        Plaintiff and Appellant,

  -vs-

BRIAN MARLER and U.S.A. INVESTMENTS,
INC.,

        Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Tenth Judicial District,
             In and for the County of Fergus,
             The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Torger S. Oaas, Lewistown, Montana

    For Respondent:

        J. David Penwell, Bozeman, Montana

_____

Submitted on Briefs:  March 2, 1989

Decided:  June 8, 1989

Filed:

_____
                    Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Frank Hanzel, plaintiff, appeals from the denial of his motion for a new trial under § 25-11-103, MCA, by the District Court of the Tenth Judicial District, Fergus County. We affirm and remand for a determination of the amount of attorney fees.

The issues raised on appeal are:

1. Whether the District Court erred in denying plaintiff's motion for a new trial based on irregularities in the proceedings.

2. Whether the District Court erred in failing to award Hanzel his attorney fees.

Hanzel owns and operates an electrical contracting business in Lewistown, Montana. Defendant, Brian Marler, entered into an oral contract with Hanzel to perform electrical contracting work and other repairs on an apartment building owned by Marler in Lewistown.

During the course of the contract, Marler paid Hanzel $21,000.00. Hanzel claimed that he was entitled to another $6,725.00 for additional labor and materials he supplied. Hanzel brought an action in the District Court on December 10, 1987, to foreclose on a mechanic's lien that he filed on Brian Marler's property in Lewistown for the disputed $6,725.00. On the morning before trial, Marler made a motion in limine to exclude certain invoices from evidence based on Hanzel's failure to comply with Rule 34, M.R.Civ.P. The motion was granted. A bench trial commenced and judgment was entered in favor of Hanzel for $1,066.40 for a bill due and

owing by Marler to Hanzel. Each party was ordered to pay its own attorney fees.

On June 22, 1988, Hanzel filed a motion for a new trial pursuant to § 25-11-103, MCA, based on irregularities in the proceedings. The District Court failed to rule on Hanzel's motion within 45 days, and under Rule 59(d), M.R.Civ.P., the motion was deemed denied. Hanzel appeals.

Granting or refusing of a motion for a new trial rests in the trial court's discretion. O'Brien v. Great Northern R.R. Co. (1966), 148 Mont. 429, 421 P.2d 710, cert. denied 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 974; State v. Barovich (1963), 142 Mont. 191, 382 P.2d 917. The "motion must be viewed in the light most favorable to the party against whom the motion is directed." Dieruf v. Gollaher (1971), 156 Mont. 440, 446, 481 P.2d 322, 325. Should the court grant a new trial, "the error complained of must be an error materially affecting the substantial rights of the aggrieved party." Giles v. Flint Valley Forest Products (1979), 179 Mont. 382, 388, 588 P.2d 535. Further, under Rule 61, M.R.Civ.P., the court must determine whether refusal to grant a motion for a new trial would appear inconsistent with substantial justice.

At the hearing on motion for a new trial, Hanzel argued that the crux of his case depended on the introduction of the disputed invoices in order to prove the full extent of damages. He argued that excluding them materially affected the outcome of his award, and therefore, he should be granted a new trial. Marler's counsel stated, in response, that Hanzel failed to comply with the rules of discovery for request for production of documents under Rule 34, M.R.Civ.P. At Hanzel's deposition, held the week before trial, Hanzel agreed that he would produce further invoices before trial. Marler stated that the invoices were not presented to him

until the morning of trial which was untimely. He argued that this failure to comply with discovery was properly sanctioned by the District Court under Rule 37(b), M.R.Civ.P., by excluding the evidence from trial.

Imposition of sanctions for failure to comply with the rules of discovery are regarded favorably. Owen v. F.A. Buttrey Co. (Mont. 1981), 627 P.2d 1233, 1236, 38 St.Rep. 714, 716. This Court frowns on last-minute production of relevant documents especially when the matter could easily have been taken care of before trial. See G-K Properties v. Redevelopment Agency of the City of San Jose (9th Cir. 1978), 577 F.2d 645.

Just before trial, counsel met in chambers with the Judge. Marler contended that the only invoices received by him before the morning of trial had been in response to his request for production of documents provided to Hanzel on September 23, 1987. Hanzel's counsel, however, offered to prove that Marler did receive several more invoices. He claimed that several invoices were attached to his responses to Marler's interrogatories as exhibits, and he requested a continuance of the trial in order to call his secretary as a witness on the matter. The District Court denied Hanzel's request and trial proceeded as scheduled.

This Court cannot determine from the record before us whether Hanzel complied with the rules of discovery. When Hanzel's motion for a new trial based on irregularities in the proceedings was made, the District Court had all the necessary evidence before it. It had the complete record (including the disputed invoices), the affidavits of Hanzel, his counsel and counsel's secretary, and the transcripts of the motion in limine, the trial and the motion for a new trial.

The District Court's denial of a motion for a new trial will not be overturned absent a showing of manifest abuse of that discretion. Giles, 588 P.2d at 538. See also Brothers v. Town of Virginia City (1976), 171 Mont. 352, 558 P.2d 464. We conclude that there was no abuse of discretion.

The second issue raised on appeal is whether the District Court erred in failing to award Hanzel his attorney fees.

Section 71-3-124, MCA, provides in part:

> In an action to foreclose any of the liens provided for by parts . . . 5 [construction liens] . . . of this chapter, the court <u>must</u> allow as costs the money paid for filing and recording the lien and a reasonable attorney's fee in the district and supreme courts, and such costs and attorney's fees <u>must</u> be allowed to each claimant whose lien is established . . . (Emphasis added.)

The District Court Judgment of June 14, 1988, stated:

> It is therefore ordered that plaintiff have judgment for $1,066.40, for said Glacier State Electric Supply Company bill, together with costs; but, because of the limited recovery, it is ordered that each party pay its own attorney's fees.

At the trial there was conflicting evidence as to whether any money was due Hanzel. The District Court held that $1,066.40 was due Hanzel. Hanzel is, therefore, entitled to a reasonable attorney fee under § 71-3-124, MCA. We remand for a determination of the amount of attorney fees.

As a final note, we take this opportunity to admonish counsel for their briefs since neither properly complied with Rule 23, M.R.App.P. Plaintiff's counsel failed to attach the District Court judgment and memorandum opinion in his appendix as required under Rule 23(a)(6), M.R.App.P. Defendant's counsel's table of authorities was incomplete as required under Rule 23(b) and 23(a)(1), M.R.App.P. The table merely cited, "Montana Rules of Civil Procedure." Defendant's

counsel failed to properly list six authorities in his table although clearly cited throughout his brief.

Affirmed and remanded for a determination of the amount of attorney fees.

_William E. Hunt_
Justice

We Concur:

_John Conway Harrison_

_R. C. Gulbrandson_

_John C. Sheehy_

_____
Justices