No. 89-416

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

ELDON HUFFINE, HD COMPANY,

    Plaintiff and Appellant,

  -vs-

MIKE BOYLAN, MIKE BOYLAN
EXCAVATING, INC., GARTH SIME,
SIME CONSTRUCTION, INC., VALLEY
BANK OF BELGRADE, and DOES I through X,

    Defendants and Respondents.

FILED

'89 NOV 6 PM 3 16

ED SMITH, CLERK
MONTANA SUPREME COURT

APPEAL FROM: District Court of the Eighteenth Judicial District,
      In and for the County of Gallatin,
      The Honorable Joseph Gary, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Eldon Huffine, pro se, Bozeman, Montana

  For Respondent:

    Richard J. Andriolo; Berg Law Firm, Bozeman, Montana

Submitted on briefs: Oct. 20, 1989

Decided: November 6, 1989

Filed:

          Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Eldon Huffine, pro se plaintiff and appellant, appeals from an order of the District Court of the Eighteenth Judicial District, Gallatin County, dismissing his cause of action pursuant to Rule 37(b)(2)(C), M.R.Civ.P. We affirm.

The sole issue raised on appeal is whether the District Court properly granted respondents' motion to dismiss pursuant to Rule 37(b)(2)(C), M.R.Civ.P., based on appellant's failure to comply with the court's order imposing discovery sanctions under Rule 37(d), M.R.Civ.P.

On March 22, 1989, a Notice of Deposition was mailed to Huffine, which set his deposition for March 29, 1989, at 1:30 p.m. Also, on that date, defendant personally served Huffine a subpoena duces tecum, which also notified him of the time and place. Huffine did not attend the deposition. The District Court entered an order pursuant to Rule 37(d), M.R.Civ.P., on April 17, 1989, imposing discovery sanctions in the amount of $828.50 against Huffine for failure to attend his deposition.

Huffine appealed the order to this Court and on June 1, 1989, we dismissed on the grounds that such orders are not appealable. Huffine has never complied with the District Court order to pay discovery sanctions.

On June 19, 1989, a hearing was held in which defendants moved for the dismissal of Huffine's cause of action based on Huffine's failure to comply with the District Court's order. The motion was granted by order of the court on June 19, 1989. From the order, Huffine appeals.

Huffine contends that he was not given proper notice of the time and place for the taking of his deposition so he did

not attend. Consequently, he claims that he need not pay sanctions imposed and that dismissal based upon nonpayment was improper. We disagree.

Huffine's contention is unsupported by the evidence as he did not submit the transcript of the June 19, 1989, hearing for review on appeal. In Yetter v. Kennedy (1977), 175 Mont. 1, 7, 571 P.2d 1152, 1156, we stated:

> [T]he burden of showing error by reference to matters of record is upon the appellant.
>
> Unless the record that he brings before the court of appeals affirmatively shows the occurrence of the matters upon which he relies for relief, he may not urge those matters on appeal. (Citation omitted.)

Hence, Huffine's failure to transmit the transcript of the June 19, 1989, hearing violates Rules 9 and 10, M.R.App.P. The record, then, is the only evidence of which this Court can rely in making a determination on the issue at bar. The record reflects that Huffine was indeed served notice of his deposition both personally and by mail and, hence, the sanctions imposed were proper.

Imposition of sanctions for failure to comply with the rules of discovery are regarded with favor. Owen v. F.A. Buttrey Co. (Mont. 1981), 627 P.2d 1233, 1236, 38 St.Rep. 714, 716. See also Hanzel v. Marler (Mont. 1989), 774 P.2d 426, 427, 46 St.Rep. 1020, 1022. Rule 37, M.R.Civ.P., sanctions are imposed in order to deter unresponsive parties. See Dassori v. Roy Stanley Chevrolet Co. (1986), 224 Mont. 178, 179-180, 728 P.2d 430, 431. In Landauer v. Kehrwald (1987), 225 Mont. 322, 325, 732 P.2d 839, 841, we stated:

> A party displaying an attitude of unresponsiveness to the judicial process warrants the imposition of sanctions including dismissal.

While this Court accommodates pro se litigants when possible, Huffine is no stranger to litigation. He has been involved in thirteen District Court cases and has attempted several appeals.

Because Huffine was properly served with notice of his deposition in accordance with the Rules of Civil Procedure, and because he deliberately and intentionally failed to appear at the time and place set for the taking of his deposition, the District Court properly sanctioned him by dismissing his cause of action under Rule 37(b)(2)(C), M.R.Civ.P. Further, we conclude that this appeal is taken without substantial or reasonable grounds and, consequently, we impose additional damages in the amount of $300 pursuant to Rule 32, M.R.App.P., to be paid to the respondent. See Searight v. Cimino (Mont. 1989), 777 P.2d 335, 46 St.Rep. 1217.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices