No. 03-028

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 185N

ELDON HUFFINE,

Plaintiff and Appellant,

v.

BOB ADKINS, d/b/a, ADKINS TRACTOR,

Defendant and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone, Cause No. DV 01-230
                The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Eldon Huffine, *Pro Se*, Bozeman, Montana

        For Respondent:

                Kevin C. Sweeney, William M. Gilbert; Herndon, Sweeney &
                Halverson, Billings, Montana

                                        Submitted on Briefs:  May 22, 2003

                                                    Decided:  July 15, 2003

Filed:

_____
                        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Eldon Huffine (Huffine) appeals from the Thirteenth Judicial District Court's dismissal of his claims with prejudice as a sanction for discovery abuses. We affirm.

¶2 Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that the legal issues raised in this appeal are clearly controlled by settled Montana law. Further, pursuant to Section I, Paragraph 3(d)(v), the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶3 Huffine appeals from the District Court's order dismissing his claims with prejudice as a sanction for a number of discovery abuses. The District Court dismissed Huffine's claims in response to Respondent's, Bob Adkins (Adkins), second motion for discovery sanctions. In his motion, Adkins requested sanctions against Huffine for his refusal to produce tax returns as ordered by the District Court, as well as for Huffine's failure to attend his court-ordered deposition, of which he had received timely notice.

¶4 Appellant Huffine contends that he should not be punished for failing to attend his deposition. According to Huffine, he did not attend the deposition because he is indigent and could not afford to travel to Billings for the deposition. Additionally, Huffine maintains that the court erred in ordering that he be deposed by the opposing party as he cannot afford to do the same. As for his noncompliance with the District Court's order compelling him

2

to produce his W-2 forms, Huffine asserts that this mandate violates his constitutional right to privacy.

¶5 Adkins contends that the District Court did not abuse its discretion in dismissing Huffine's claims with prejudice. Adkins claims that although *pro se* litigants may be afforded a certain amount of latitude, this latitude cannot be so wide as to prejudice the other party. As Adkins correctly points out, Huffine "is no stranger to litigation," *Huffine v. Boylan* (1989), 239 Mont. 515, 517, 782 P.2d 77, 78, and was fully aware that his failure to abide by the District Court's order could result in sanctions. Adkins points out that this is not the first time that a district court has dismissed Huffine's claims with prejudice for failing to attend his deposition. *See Huffine*, 239 Mont. at 517-18, 782 P.2d at 78.

¶6 We hold that, in light of Huffine's past and present obstreperous disregard for District Court directives, the District Court did not abuse its discretion in dismissing Huffine's claims with prejudice.

¶7 The judgment of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ JIM RICE

3