No. 04-243

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 287N

JIM HOWELL,

Petitioner and Respondent,

v.

SHELLEY WEIVODA,

Respondent and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                In and for the County of Chouteau, Cause No. DR 2003-04
                The Honorable E. Wayne Phillips, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Shelley A. Weivoda, *pro se*, Big Sandy, Montana

        For Respondent:

        Tonja D. Schaff, Matteucci Falcon Lester & Schaff, Great Falls, Montana

                                Submitted on Briefs:  September 21, 2004

                                Decided:  October 19, 2004

Filed:

_____
                    Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Shelley Weivoda, appearing *pro se*, appeals the Final Decree of Parenting issued in regards to her minor child, Joshua Weivoda, in the Montana Twelfth Judicial District Court, Choteau County. We affirm.

¶3      Because we have no transcript of the proceeding that is the subject of this appeal, the following rendition is taken from the District Court's findings of fact.

¶4      Weivoda and Howell have one minor child, Joshua, whose custody is the subject of this appeal. Joshua was nine years old and had resided with his father in the State of Washington for over six months at the outset of this proceeding in March 2003.

¶5      Prior to moving to Washington with Howell, Joshua resided in Montana with his mother and his maternal aunt Charlotte Weivoda and her family. At the parenting plan hearing which is the subject of this appeal, Charlotte testified that, because Weivoda had not been providing primary care for Joshua, Charlotte contacted Howell and suggested that he obtain custody of Joshua. Howell pursued custody in the State of Washington, where he resided, and then provided the paperwork to Charlotte, who subsequently relinquished Joshua to Howell's care. After further proceedings in Washington, that state determined that

2

it did not have jurisdiction because Weivoda resided in Montana. Howell subsequently filed a Parenting Plan Petition here.

¶6 Charlotte testified to Weivoda's instability and her lack of parenting at the time that Charlotte decided to contact Howell. Charlotte further testified that Howell had the ability to provide primary parenting for Joshua and that he expressed willingness to ensure Joshua maintained a relationship with Charlotte and her family. Charlotte reviewed Joshua's school records and determined that Joshua was doing better in school in Washington than he did while living with her in Montana, and further stated that she believed it to be in Joshua's best interest for him to live with Howell in Washington. In its Decree, the District Court specifically found Charlotte's testimony to be highly credible.

¶7 The District Court further found that both Howell and Weivoda would do a good job parenting Joshua, would be comfortable parenting Joshua full-time and appeared able to provide an appropriate living environment. The District Court also found that Joshua has attended most of his schooling at the same school in Washington, where he has done well and made friends.

¶8 The District Court further found that Weivoda did not present any evidence that Joshua was not being properly cared for by Howell, and that Howell had provided stable and continuous care for Joshua. The District Court found that both Weivoda and Howell were either employed or employable and financially capable of contributing to Joshua's care and support.

¶9 The District Court concluded that it had subject matter jurisdiction over this issue, and determined that, pursuant to § 40-4-212, MCA, it has the power to establish a parenting plan based on the best interests of the child. The District Court concluded that it was in Joshua's best interests to continue to live in Washington with Howell as the primary residential parent. Weivoda was to be given time with Joshua as outlined in the court's attached Final Parenting Plan. The District Court also noted that Joshua expressed a desire to spend time with both parents, has a good relationship with both parents, and also has a good relationship with his half-brother who resides with Weivoda in Montana. The Parenting Plan stated that it was created to benefit Joshua and his best interests, and set forth visitation schedules and other details which are not relevant to this appeal and thus will not be detailed here.

¶10 Weivoda presents six issues for review:

¶11 1. Did the District Court err when it decreed this Parenting Plan to be a final order, when Weivoda had moved only for an Interim Parenting Plan?

¶12 2. Did the District Court err when it allowed the testimony of undisclosed witnesses called by Jim Howell, Joshua's father?

¶13 3. Did the District Court fail to take the "Best Interest of the Child" statutes into account in reaching its decision?

¶14 4. Did the District Court violate Weivoda's right to due process?

¶15 5. Did the District Court fail to take Joshua's relationship with his half-brother into account in reaching its decision?

¶16 6. Did the District Court err in failing to appoint a guardian *ad litem* for Joshua?

4

¶17 We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. Having had the opportunity to review the record as presented to this Court and to read the Briefs as submitted in this case, we find no basis to grant the relief Weivoda seeks.

¶18 The parties disagree as to whether the proceeding in the District Court was intended to be a final hearing or only an interim hearing. Weivoda also questions the court's exercise of discretion with respect to the admission of testimony that she alleges was undisclosed prior to the hearing. However, we note that, without a transcript of the proceedings, we are unable to adequately address these questions. We further note that Weivoda relies on the Federal Rule of Civil Procedure 26(a)(3), which is inapplicable, and not equivalent to our Montana Rule of Civil Procedure 26(a)(3); the Montana Rule does not require the pre-trial disclosures which are required by the Federal Rule.

¶19 Based on the record before us, we conclude that the District Court took the best interests of the child statutes into consideration in its Decree as it specifically made findings of fact and conclusions of law concerning Joshua's best interests, pursuant to § 40-4-212, MCA. Likewise, the District Court made a specific finding concerning Joshua's relationship with his half-brother, and without a transcript we have no grounds upon which to reconsider the District Court's finding in this matter.

¶20 Weivoda raises the issue of a guardian *ad litem* for the first time on appeal, and thus it is not properly before this Court. Finally, Weivoda claims that her due process rights were

5

violated when the District Court entered a Decree and a Final Parenting Plan instead of the Interim Parenting Plan for which she had moved.

¶21   The burden of showing error by reference to matters of record is upon the appellant, and unless the record that an appellant brings before this Court affirmatively shows the occurrence of the matters upon which the appellant relies for relief, those matters may not be urged upon this Court on appeal. *Huffine v. Boylan* (1989), 239 Mont. 515, 517, 782 P.2d 77, 78.

¶22   Without a transcript, we have no evidence upon which to overrule the findings of the District Court in this matter.  Therefore, we affirm the judgment of the District Court.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE