No. 04-830

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 18

STATE OF MONTANA,

          Plaintiff and Respondent,

  v.

RUSSELL MELVIN FREGIEN,

          Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DC 2003-376,
                 Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Karl Knuchel, Attorney at Law, Livingston, Montana

       For Respondent:

       Honorable Mike McGrath, Attorney General; Joslyn M. Hunt,
       Assistant Attorney General, Helena, Montana

       Marty Lambert, County Attorney; Eric N. Kitzmiller,
       Deputy County Attorney, Bozeman, Montana

Submitted on Briefs:  November 2, 2005

Decided:  January 24, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 The State charged Russell Melvin Fregien by information in the Eighteenth Judicial District Court, Gallatin County, with one felony count of Driving Under the Influence of Alcohol (fourth or subsequent offense) in violation of § 61-8-401, MCA, and with one misdemeanor count of Driving Without a Valid Driver's License, in violation of § 61-5-102, MCA. Fregien pled not guilty and moved to suppress the blood test results obtained by the State via an investigative subpoena. The District Court denied the motion. Fregien subsequently entered a plea agreement, reserving the right to appeal the court's denial of his motion to suppress. He now appeals.

¶2 We state the issue as follows: Did the District Court err in denying Fregien's motion to suppress the results of the diagnostic blood test?

## BACKGROUND

¶3 We note at the outset that Fregien, in violation of Rules 23 and 9 of the Montana Rules of Appellate Procedure, includes witness statements in his appellate brief that are neither cited to nor included in the record. Appellate briefs are required to include "facts relevant to the issues presented for review, with references to the pages of the parts of the record at which material facts appear." Rule 23(3), M.R.App.P. "It is the duty of a party seeking review of a judgment, order or proceeding to present the supreme court with a record sufficient to enable it to rule upon the issues raised." Rule 9(a), M.R.App.P. Because "[t]he record . . . is the only evidence of which this Court can rely in making a determination on the issue at bar," *Huffine v. Boylan* (1989), 239 Mont. 515, 517, 782

P.2d 77, 78, we ignore Fregien's non-record based assertions and base our decision on the following facts of record.

¶4 On the afternoon of November 30, 2003, Officer Joshua T. Brown of the Montana Highway Patrol responded to a motorcycle crash on Frontage Road in Gallatin County, Montana. Officer Brown reported to the crash site and observed a damaged motorcycle belonging to Fregien, whom emergency personnel were treating. Belgrade firefighter, Tony Young, indicated that he smelled the odor of an alcoholic beverage on Fregien's breath. Fregien was transported to the Bozeman Deaconess Hospital where medical staff treated his injuries.

¶5 While at the hospital, Officer Brown spoke with Fregien about the crash. Fregien indicated that the crash occurred because he swerved to avoid hitting a deer. Officer Brown noticed the odor of an alcoholic beverage on Fregien's breath and Fregien stated that he had consumed a couple of beers approximately thirty to forty-five minutes before the crash. Officer Brown read the implied consent advisory to Fregien and asked him to submit to a breath and blood test. Fregien refused both tests.

¶6 The State subsequently applied for and received an investigative subpoena from the District Court to obtain the results of Fregien's blood test conducted by the hospital after the crash. The medical reports indicated that Fregien's blood alcohol concentration was 0.240. In addition, Daniel Gannon, M.D., noted that Fregien smelled of alcohol and was, indeed, under the influence of alcohol.

3

¶7 Based on the above facts, as well as Fregien's three prior convictions of driving under the influence of alcohol and his lack of a valid driver's license for operating a motorcycle, the State charged Fregien by information with one felony count of driving under the influence of alcohol and one misdemeanor count of driving without a valid driver's license. After pleading not guilty, Fregien filed a motion to suppress the blood test results obtained by the State via the investigative subpoena. The District Court denied Fregien's motion to suppress, concluding that objective and reliable facts supported the conclusion that probable cause existed to issue the investigative subpoena. The Court committed Fregien to the Department of Corrections for thirteen months, plus an additional three years to be served consecutively with the thirteen months upon conditions.

## STANDARD OF REVIEW

¶8 "We review a district court's denial of a motion to suppress to ascertain whether the court's factual findings are clearly erroneous and whether the findings were correctly applied as a matter of law." *State v. Nelson* (1997), 283 Mont. 231, 236, 941 P.2d 441, 445.

## DISCUSSION

*Did the District Court err in denying Fregien's motion to suppress the results of the diagnostic blood test?*

¶9 Fregien contends that the District Court erred in granting the State an investigative subpoena to retrieve Fregien's blood test results from Bozeman Deaconess Hospital. In

4

support of this argument, Fregien cites *Nelson* in which this Court set out the following rule regarding the use of investigative subpoenas to retrieve medical records:

> When an investigative subpoena seeks discovery of protected medical records or information, the subpoena can be likened to a search warrant which must satisfy the strictures of the Fourth Amendment and Article II, Section 11 of the Montana Constitution. A search warrant can only issue upon a showing of "probable cause." In the context of search and seizure law, probable cause exists when facts and circumstances presented to a magistrate would warrant an honest belief in the mind of a reasonable and prudent person that an offense has been, or is being, committed and that property (or information) sought exists at the place designated. We hold that in order to establish that there is a compelling state interest for the issuance of an investigative subpoena for the discovery of medical records, the State must show probable cause to believe that an offense has been committed and medical information relative to the commission of that offense is in the possession of the person or institution to whom the subpoena is directed.

*Nelson*, 283 Mont. at 243-44, 941 P.2d at 449 (citation omitted).

¶10   Fregien argues that the evidence in this case does not rise to the level of probable cause. Fregien's argument turns on the fact that he told Officer Brown that the accident occurred because he swerved his motorcycle in order to avoid hitting a deer. In light of the record, this argument is unpersuasive. The affidavit in support of the investigative subpoena stated the following: Firefighter Young "indicated that he smelled the odor of an alcoholic beverage on Fregien's breath"; Officer Brown also "noticed the odor of an alcoholic beverage on Fregien's breath"; and Fregien admitted "that he had consumed a couple of beers approximately thirty to forty-five minutes before the crash." These facts "would warrant an honest belief in the mind of a reasonable and prudent person," *Nelson*, 283 Mont. at 243-44, 941 P.2d at 449, that Fregien had committed the offense of driving

5

while under the influence of alcohol—thereby establishing probable cause for the investigative subpoena for Fregien's blood test results. We conclude that the District Court properly denied Fregien's motion to suppress.

¶11 Additionally, we note Fregien's assertion—"[t]o allow the discovery of blood alcohol levels taken by an independent physician after consent has been denied by [a] defendant renders the implied consent statute meaningless"—only to point out that this Court has already addressed and dismissed this argument in *State ex rel. McGrath v. State Twenty-First Judicial Dist. Court*, 2001 MT 305, 307 Mont. 491, 38 P.3d 820. Section 61-8-402(4), MCA, states that an arrested person may refuse a breath or blood test, subject to seizure of his or her driver's license. On the basis of this statute, Fregien contends that the State should not have been allowed to circumvent Fregien's refusal to consent by subpoenaing his diagnostic blood tests. In *McGrath*, we pointed out that subsection (10) of § 61-8-402, MCA, "expressly states that '[t]his section does not apply to blood . . . tests, samples, and analyses used for purposes of medical treatment or care of an injured motorist . . . .'" *McGrath*, ¶ 12 (citing § 61-8-402(10), MCA). We concluded that "the criteria for admissibility under § 61-8-402, MCA (1999), relating to blood tests administered under the implied consent statute are inapplicable to diagnostic blood tests taken by a hospital or treating physician." *McGrath*, ¶ 16.[1]

---

[1]Although the Legislature has amended § 61-8-402, MCA, since *McGrath*, these amendments do not affect the issue in this case.

¶12    Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER


Chief Justice Karla M. Gray, specially concurring.

¶13    I concur in the Court's opinion, but write separately on the subject of counsel including matters not of record in Fregien's opening brief on appeal.

¶14    As the Court points out, the Rules are perfectly clear with regard to citing only to matters of record. Counsel are expected to read and follow those rules. Failure to do so results in opposing counsel having to waste valuable time in ensuring that such matters are brought to our attention. Such practices also waste this Court's time—to the detriment of litigants in the hundreds of other cases pending here. I would admonish Fregien's counsel in this cause and caution counsel in other cases that they are "officers of the court" in addition to being advocates for their clients.

/S/ KARLA M. GRAY