
DA 17-0232

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 315N

IN THE MATTER OF THE ADOPTION OF
A.W.S., M.A.S., and A.M.S., minor children,

J.M.J. and C.J,

        Petitioners and Appellees,

    v.

W.A.S.,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and For the County of Yellowstone, Cause Nos. DA 14-048, DA 14-049,
                DA 14-050
                Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Wesley A. Schwartz, Self-Represented, Los Angeles, California

        For Appellees:

                Kevin T. Sweeney, Attorney at Law, Billings, Montana

                            Submitted on Briefs:  November 29, 2017

                                       Decided:  December 21, 2017

Filed:

                                      Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     W.A.S. ("Father") appeals the Findings of Fact, Conclusions of Law, and Orders[1] by the Thirteenth Judicial District Court, Yellowstone County, terminating his parental rights to his three children A.M.S., M.A.S., and A.W.S. (collectively "the Children") and entering Decrees of Adoption establishing the parent/child legal relationship between C.J. ("Grandfather") and the Children. We address whether the District Court abused its discretion in terminating Father's parental rights and granting Grandfather's petitions to adopt the Children. We affirm.

¶3     Father and J.M.J. ("Mother") married in 2005 and divorced in 2013. They have three children together. Mother and Grandfather live in Billings. Father resides in Los Angeles, California. Father has had virtually no contact with the Children for at least three years. Although he visited Montana on several occasions, he did not see the Children. On July 1, 2014, Grandfather brought an action to terminate Father's parental rights and to adopt the Children; Mother consented and joined the action. Father failed to answer or appear

---

[1]   The District Court entered three separate orders addressing the circumstances of each child individually. We have consolidated the three cases for purposes of this appeal.

2

and, on December 15, 2014, the Clerk of Court entered a default against Father. On March 13, 2015, the District Court held a hearing, at which Grandfather and Mother testified. The District Court granted Grandfather and Mother's petitions terminating Father's parental rights and granting decrees of adoption for each of the Children. Father appealed and we reversed the termination of parental rights because Father had not been properly served. We remanded and further held:

> [I]f service is effected properly on Father, the District Court may allow the petition to proceed if it first determines that there is "good cause" for Grandfather to be treated as a "stepparent" under § 42-4-302(2), MCA, and that he meets the qualifications set forth in § 42-1-106, MCA. If the court so finds, it then may move forward with proceedings on the termination of Father's parental rights in accordance with § 42-4-310, MCA, "prior to or contemporaneously with the petition to adopt."[2]

¶4 Following remand, the District Court held a hearing at which Mother and Grandfather appeared personally, represented by counsel. Father did not appear. On March 15, 2017, the District Court issued the Decrees of Adoption and Orders terminating Father's parental rights to the Children. The District Court found that Grandfather has standing to adopt because "good cause" exists to treat him as a "step-parent" under the law and he satisfies § 42-1-106(3), MCA. The District Court found that Father's written consent to the adoption is not required because Father is able to provide financial support for the children but has failed to do so and, according to Montana Child Support Enforcement Division records, Father is in arrears "well in excess of $268,000." The District Court found by clear and convincing evidence that Father is unfit to parent under

---

[2] *A.M.S. v. W.S.*, 2016 MT 22, ¶ 26, 382 Mont. 145, 364 P.3d 1261.

3

§ 42-2-608, MCA. Based on its findings, the District Court ordered the termination of Father's parental rights and entered a decree of adoption establishing the parent/child legal relationship between Grandfather and the Children.

¶5 Father appeals the District Court's decision to terminate his parental rights and to allow for adoption of the Children by Grandfather.

¶6 We review a district court's decision to terminate parental rights for an abuse of discretion. *In re K.B.*, 2013 MT 133, ¶ 18, 370 Mont. 254, 301 P.3d 836; *In re D.B.*, 2007 MT 246, ¶ 16, 339 Mont. 240, 168 P.3d 691. A district court abuses its discretion when it acts "arbitrarily, without employment of conscientious judgment or in excess of the bounds of reason, resulting in substantial injustice." *In re M.J.*, 2013 MT 60, ¶ 17, 369 Mont. 247, 296 P.3d 1197 (internal citations omitted). We review a district court's factual findings for clear error. *In re A.K.*, 2015 MT 116, ¶ 20, 379 Mont. 41, 347 P.3d 711. A factual finding is clearly erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of the evidence, or if review of the record convinces this Court a mistake was made. *In re C.J.M.*, 2012 MT 137, ¶ 10, 365 Mont. 298, 280 P.3d 899. We review a district court's application of the law to the facts for correctness. *In re K.B.*, ¶ 18 (internal citations omitted).

¶7 Father argues that the District Court erroneously found that Grandfather satisfies the criteria of § 42-1-106(3), MCA. Father also argues that the District Court improperly denied him an opportunity for a hearing when it denied his request to appear telephonically shortly before the hearing on February 13, 2017. Father claims that he was unable to afford travel to the hearing on such short notice, and the hearing proceeded without him. Father

4

argues that the District Court disregarded all the evidence that Father provided; specifically, the evidence that Father was a student and unemployed. Thus, Father argues that the District Court abused its discretion by terminating his parental rights and allowing the Children's adoption by Grandfather.

¶8      It is the duty of a party seeking review of a judgment, order, or proceeding to present this Court with a record sufficient to enable it to rule upon the issues raised. M. R. App. P. 8(3), M. R. App. P. 9; *see also Reese v. Reese*, 196 Mont. 101, 104–05, 637 P.2d 1183, 1184–85 (1981) (citing M. R. App. P. 9 and reiterating that failure to present this Court with sufficient record may result in dismissal of the appeal). As the appellant, Father has the "burden of showing error by reference to matters of record," and "[u]nless the record he brings before the court of appeals affirmatively shows the occurrence of the matters upon which he relies for relief, he may not urge those matters on appeal." *Huffine v. Boylan*, 239 Mont. 515, 517, 782 P.2d 77, 78 (1989) (citing *Yetter v. Kennedy*, 175 Mont. 1, 7, 571 P.2d 1152, 1156 (1977)) (internal citations omitted). The record is the "only evidence of which this Court can rely in making a determination on the issues at bar." *Huffine*, 239 Mont. at 517, 782 P.2d at 78; *Giambra v. Kelsey*, 2007 MT 158, ¶ 36, 338 Mont. 19, 162 P.3d 134 (this Court declined to rule on the merits of an appellant's pain and suffering claim after combing through a district court record and determining the only evidence supporting appellant's claim was likely to be found in the unattached trial transcript). As in his first appeal, *A.M.S.*, ¶ 7, Father has failed to provide a record adequate to support his contentions on appeal. Father did not provide transcripts of the proceedings. Therefore, we are limited in our consideration to what was transmitted.

¶9 Regarding Father's claim that he was denied the opportunity to attend the hearing because the District Court denied his request to attend by telephone, and he claimed that he could not afford to travel to Montana to attend the hearing in person, we previously noted the District Court's incredulity at Father's claims of indigence in *In re Jardine*, 2016 MT 321N, ¶ 5, 386 Mont. 396, 384 P.3d 1068, when we affirmed the District Court's denial of Father's motion to participate telephonically in the hearing on his motion to reduce his child support obligation. Father has presented nothing in this appeal that would cause us to revisit this issue. Father was not denied the right to attend this hearing in person, and the District Court did not abuse its discretion by denying Father the right to participate in this hearing telephonically.

¶10 Father contends that the District Court erred because it disregarded "all evidence provided by [Father]." Father did not appear at the hearing and, thus, presented no evidence at the hearing. Father references some exhibits that he attached to his brief in opposition to the Second Amended Petition for Termination, which he contends was evidence the District Court disregarded; he goes on at length in his brief about his financial condition and takes issue with the District Court's rejection of his contentions; and he makes a number of unsupported assertions in his brief as to his relationship with his Children. To a great extent, Father confuses contentions with evidence. Even to the extent that we might liberally construe Father's contentions as "evidence," however, this does not provide a basis for reversal. "We will defer to a district court's resolution of conflicting evidence if the evidence sufficiently supports a factual finding, even where evidence in the record supports a contrary finding." *Vintage Constr., Inc. v. Feighner*, 2017 MT 109, ¶ 15, 387

Mont. 354, 394 P.3d 179. Based on the record that has been made available to us, the evidence sufficiently supports the District Court's factual findings.

¶11 In its Findings of Fact, the District Court found that "[t]he evidence was strong that [Grandfather] has served as an important adult figure in [the Children's] li[ves]." The District Court found that Grandfather and his wife regularly care for the Children. The District Court found that Grandfather has a strong bond with the Children and has served as a father figure and de facto father for years. Conversely, the District Court found that Father "has abdicated any semblance of fatherhood," that Father was more than a quarter of a million dollars delinquent in his child support obligations, and that Father was unfit to parent under § 42-2-608, MCA.

¶12 The District Court's Findings of Fact support the District Court's dispositive determinations that Grandfather be treated as a "stepparent" under § 42-4-302(2), MCA, and that Grandfather has standing to adopt the Children under § 42-1-106, MCA. *See Feighner*, ¶ 15. The District Court did not abuse its discretion in terminating Father's parental rights and allowing Grandfather to adopt the Children. *See e.g., In re D.B.*, ¶ 16.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's Findings of Fact are not clearly erroneous, its Conclusions of Law are correct, and its ruling was not an abuse of discretion.

¶14    The District Court's Findings of Fact, Conclusions of Law, and Orders are affirmed.


                                        /S/ JAMES JEREMIAH SHEA


We Concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE